IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT MEADES, | § | |
| | § | |
| Defendant Below, | § | No. 294, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1101020478 (S) |
| | § | |
| Appellee. | § | |

Submitted: September 15, 2025
Decided: October 28, 2025

## <u>ORDER</u>

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Robert Meades, appeals from a Superior Court order denying a motion for correction of an illegal sentence. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(1)     Meades pleaded guilty to two counts of first-degree robbery and one count of possession of a deadly weapon during the commission of a felony ("PDWDCF"). The crimes occurred on January 29, 2011. Following a presentence investigation, the Superior Court sentenced Meades as follows:  for one count of

first-degree robbery, twenty-five years of imprisonment; for the other count of first-degree robbery, twenty-five years of imprisonment, suspended after twenty years for probation; and for PDWDCF, twenty-five years of imprisonment, with credit for 404 days previously served.

(2)     Meades has filed numerous unsuccessful motions for postconviction relief.  In June 2025, he filed a motion to correct an illegal sentence under Superior Court Criminal Rule 35(a).  He argued that his sentence is illegal under *Erlinger v. United States*[1] because the Superior Court, rather than a jury, considered aggravating factors when determining that Meades should be sentenced at the high end of the statutory range for his offenses.  The Superior Court denied the motion, and Meades has appealed to this Court.

(3)     We review the denial of a motion for correction of an illegal sentence for abuse of discretion, although questions of law are reviewed *de novo*.[2]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

---

[1] 602 U.S. 821 (2024).
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

2

(4) On appeal, Meades argues that his sentence runs afoul of *Erlinger* because the Superior Court considered aggravating factors such as custody status, prior violent conduct, repetitive criminal history, and lack of amenability to lesser sanctions when sentencing Meades "to the max on each count."[4] In *Erlinger*, the United States Supreme Court held that a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions before his sentence can be enhanced under the Armed Career Criminal Act.[5] In this case, the Superior Court sentenced Meades within the statutory maximum penalty for first-degree robbery and PDWDCF,[6] and we find no reversible error in the denial of the motion for sentence correction.[7]

---

[4] To the extent that Meades asserts arguments that he did not present to the Superior Court in the first instance—such as his contention that he was being treated at the Delaware Psychiatric Center "during all court proceedings" and "no one in [a] rational state of mind" would have pleaded guilty to the three charges at issue—we need not consider them on appeal. DEL. SUPR. CT. R. 8. We note that this Court has previously stated that "the record reflects that [Meades] was competent to plead guilty." *Meades v. State*, 2019 WL 6358701, at *1 (Del. Nov. 26, 2019).

[5] *Erlinger*, 602 U.S. at 834-35; *see also id.* at 834 (stating that "[v]irtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt" or "freely admitted in a guilty plea") (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (second alteration in original).

[6] *See* 11 *Del. C.* § 832(a) (2011) (designating first-degree robbery as a class B felony); *id.* § 1447(a) designating PDWDCF as a class B felony); *id.* § 4205(b)(2) (providing a maximum sentence of twenty-five years for class B felonies).

[7] *See Krafchick v. State*, 2025 WL 2925378, at *1 (Del. Oct. 14, 2025) (holding that Superior Court's use of aggravating factors to impose maximum statutory sentence did not make sentence illegal under *Erlinger*).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice